MARY MACKAY GREENWOOD, Plaintiff, v. EDMUND F. HOLBROOK and FREDERICK W. FOOTE, Executors of WILLIAM W. WRIGHT, Deceased, and Others, Defendants.

*Construction of an agreement—when the words "legal representatives" means executors and administrators, and not next of kin.*

John Greenwood died in May, 1865, having by his will devised substantially all his estate to his widow during her life, with remainder to his four children on her death; opposition was made to the probate of the will, which was abandoned upon the widow's entering into an agreement by which she was to pay, during her life, one-eighth of the net income to each of the four children, and in case of the death of either of said children during her life, she was to pay the one-eighth part of said income, so "agreed to be paid to the child so dying, to *his or her legal representatives*," so long as the said covenants and agreements should be observed and performed.

One of the daughters died childless in 1880, leaving a will by which she gave all her estate to her husband, stating therein that she intended to include all interests acquired and to be acquired by her from the estate of her father. The husband died in 1884, leaving a will, of which the defendants, Holbrook and Foote, were appointed executors.

*Held,* that the words "legal representatives" meant executors and administrators, and not next of kin, and that the one eighth of the income, to which the daughter so dying was entitled, should be paid to the executors of the husband, and not to the brothers and sisters, or their issue, of the daughter so dying.

APPEAL from a judgment, entered upon the trial of this action at a Special Term.

The action was to obtain a construction of certain portions of an agreement made between the plaintiff, the widow of one Isaac John Greenwood, and his children.

*Stephen P. Nash,* for Holbrook and Foote, defendants, appellants.

*C. A. Hand,* for Isaac J. Greenwood, defendant, respondent.

BRADY, J. :

It appears from the record in this case that John Greenwood died May 14, 1865, leaving a widow, the plaintiff, and four children. By his will he substantially devised all his estate to his widow during life or widowhood, his children, under the will, taking the estate given them subject to this life estate. Opposition to the probate of the will having been made, an agreement was entered into, by which it was to be abandoned upon the widow's paying one-half of the net income to the children during her life, that is, one-eighth to each of the four children. Eliza Jane Wright, one of the children, died childless on the 18th of April, 1880, leaving a will by which she devised and bequeathed to her husband all her estate. The will contained the following clause : " And I intend to include in this devise and bequest all interests acquired, and to be acquired by me from the estate of my late father." Her husband died in 1884, leaving a will by which the defendants, Holbrook and Foote, were made executors, and who claimed that their testator, under the will of his wife, and the agreement already mentioned, acquired the right to one-eighth of the income of the estate for the rest of the life or widowhood of the plaintiff. The learned court below sustained this claim. The appellants, however, insist that after the death of Mrs. Wright the interest acquired by the agreement went to her next of kin. The clause of the agreement upon which the controversy herein arises is as follows : " And it is hereby further agreed that in case of the death of either of the said four children, during the widowhood of the said party of the first part, she will pay the one-eighth part of said income hereby agreed to be paid to the child so dying, to his or her *legal representatives,* so long as the said covenants and agreements shall be observed, performed and fulfilled as above mentioned."

The learned justice in the court below thought that the phrase legal representatives contained in the clause means executors or administrators, that being the ordinary signification of the term where reference was made to personal estate only, and he said that a careful consideration of the circumstances under which the agreement was made had led him to the conclusion that the words in question were meant to have the ordinary meaning.

The agreement, as conceded by the learned counsel for the appellant, was equivalent to an assignment to each of the children of one-eighth of the life estate which could have been disposed of by the owner and would, of course, pass under her will. It was, as he correctly observes, a vested interest *pour autre vie;* but while the respondent contends that the clause embracing the words "his or her legal representatives" was inserted for more abundant caution to confirm this view, he insists, on behalf of his client, that the effect of it was to limit the interest granted by providing what should become of it if either of the children should die before their mother, in which case she agreed to pay the income, not to the executor or administrator, which would have been the proper phrase to use if it had been intended to confirm and carry out the view just suggested, but to "his or her legal representatives," that is, to his or her brothers and sisters, or their issue and next of kin. And the learned counsel proceeds in his brief to cite a number of cases in which the words "legal representatives" were held to mean next of kin. Assuming that what these words mean must be determined by the mode and connection in which they are used, the mode and connection in which they are used in this case makes it apparent that the interest being an absolute undertaking to pay a certain sum, thus creating an absolute right to receive and transfer it, authorized and legalized the disposition of it by will to any person or persons whom the testator thought proper to name; and this absolute right cannot be interfered with by any interpretation hostile to that view. Where the object and design of an agreement, as understood by both parties, is to change the ordinary signification of a phrase, there should be something in the instrument itself, if there exists no proof which could be given *aliunde*, to show such object and design. From the will of Mrs. Wright, however, it conclusively appears that she regarded the agreement as one conferring upon her an absolute

right to receive one-eighth of the income, and the right of disposition in any manner that she thought proper, regarding it as part of her father's estate, to which, though she was not entitled by the express clauses of the will, she acquired title by compromise and was thus enjoying and disposing of her own property.

For these reasons, without any extended examination of the cases bearing upon the subject which may be regarded as somewhat numerous and might lead to confusion, it is thought that the learned judge in the court below was right, and that the judgment should be affirmed.

Daniels and Churchill, JJ., concurred.

Judgment affirmed.